PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH SIMPSON, | ) | |
| | ) | CASE NO. 4:14cv2126 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| F.C.I. ELKTON, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondents. | ) | **ORDER** [Resolving ECF No. 1] |

Pending before the Court is Petitioner Kenneth Simpson's *pro se* Petition seeking a writ of mandamus against Respondents F.C.I. Elkton, Pamela Steiner and J.C. Hayes. Petitioner, an inmate at F.C.I. Elkton, asserts Respondents have "a duty established by both statute and BOP policy to submit Petitioner for one year of halfway house and are refusing to do so." ECF No. 1 at 1. Petitioner bases his claim on provisions of the Second Chance Act, 42 U.S.C. § 17501, *et seq.*, and alleges that F.C.I. Elkton staff did not properly consider and weigh the factors which should determine the duration of his halfway house placement. ECF No. 1 at 2. He further complains that the same staff are delaying his paperwork because has declined to participate in "useless" and "damaging" programming, and because he does not want to risk having his birth certificate and Social Security card mailed to him. *Id.* at 4. Petitioner seeks an order compelling

(4:14cv2126)

immediate filing of paperwork by Respondents to place him in a halfway house for a full year.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Mandamus relief may be sought in federal courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It is available only if: "(1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff." *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). Mandamus is not an appropriate remedy if the action a petitioner seeks to compel is discretionary. *Id.*

The Bureau of Prisons ("BOP") has sole authority to designate the place of an inmate's imprisonment. 18 U.S.C. § 3621(b). The action Petitioner seeks to compel—assignment to a halfway house for a full year—is completely within BOP's discretion. Furthermore, Petitioner has an available remedy at law in habeas corpus under 28 U.S.C. § 2241 upon exhaustion of available administrative remedies. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981). A mandamus action is therefore inappropriate to obtain the relief sought.

Accordingly, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. §

2

(4:14cv2126)

1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  March 30, 2015 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |